**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4394**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

WESLEY LESHAWN BARNETT,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:14-cr-00479-WO-1)

Submitted:  February 24, 2017      Decided:  March 1, 2017

Before GREGORY, Chief Judge, and NIEMEYER and DIAZ, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

John M. Ervin, III, Darlington, South Carolina, for Appellant. Robert Albert Jamison Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wesley Leshawn Barnett pled guilty to one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2012). Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agreed on a 60-month sentence of imprisonment. The district court sentenced Barnett to 60 months' imprisonment and 5 years of supervised release. He now appeals. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court complied with Fed. R. Crim. P. 11 and whether the sentence was reasonable.

Counsel questions whether the district court substantially complied with Rule 11 in accepting Barnett's guilty plea, but does not identify any specific error committed during the plea hearing. Because Barnett did not move in the district court to withdraw his guilty plea, we review this issue for plain error. United States v. Sanya, 774 F.3d 812, 815 (4th Cir. 2014). To establish plain error, Barnett must demonstrate that (1) the district court committed an error; (2) the error was plain; (3) the error affected his substantial rights; and (4) the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Puckett v. United States, 556 U.S. 129, 135 (2009) (internal quotation marks omitted). In the guilty plea context, a defendant meets his burden of

2

demonstrating that an error affected his substantial rights by showing a reasonable probability that he would not have pled guilty but for the Rule 11 omission. Sanya, 774 F.3d at 816.

Our review of the transcript of the guilty plea hearing leads us to conclude that the district court substantially complied with the mandates of Rule 11 in accepting Barnett's guilty plea and that any omissions by the district court did not affect Barnett's substantial rights. See United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009). Because Barnett has failed to show that the district court's acceptance of his guilty plea warrants reversal, we affirm his conviction.

Counsel also questions the reasonableness of Barnett's sentence. However, we lack jurisdiction to review Barnett's sentence of imprisonment because the district court sentenced Barnett in accordance with the terms of his Rule 11(c)(1)(C) agreement, and Barnett's sentence is not unlawful or expressly based on the Sentencing Guidelines. See United States v. Williams, 811 F.3d 621, 622 (4th Cir. 2016). To the extent that we may retain jurisdiction over Barnett's supervised release sentence because the plea agreement did not include an agreed-upon term of supervised release, we conclude that the district court did not plainly err in imposing the five-year term of supervised release. See United States v. Aplicano-Oyuela, 792 F.3d 416, 421-22 (4th Cir. 2015) (reviewing

3

supervised release sentence for plain error where defendant did not object to imposition of supervised release in district court). Therefore, we dismiss Barnett's challenge to his sentence of imprisonment and affirm Barnett's sentence of supervised release.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Barnett's conviction and supervised release sentence, and dismiss Barnett's challenge to his sentence of imprisonment. This court requires that counsel inform Barnett, in writing, of the right to petition the Supreme Court of the United States for further review. If Barnett requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Barnett.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART